UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
FEB 2 7 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

DELPHINE M. JONES, et al., )
)
Plaintiffs, )
)
v. ) Civil Case No. 00-1773 (RJL)
)
NATIONAL INSTITUTES OF HEALTH )
FEDERAL CREDIT UNION, et al., )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER
(February 23, 2006) [# 57]

On July 22, 2000, Plaintiffs Delphine Jones and Carolyn Dingwall brought this action against National Institutes of Health Federal Credit Union ("NIHFCU"), its head of security, Elizabeth LeBlanc, and others[1] for, *inter alia*, alleged "malicious harassment" and "wanton misconduct" in connection with the execution of an arrest warrant against Ms. Jones for a $1,300.00 overdraft of her checking account at the NIHFCU. (*See* Compl.; Dkt. # 1.)

On April 18, 2005, NIHFCU and Ms. LeBlanc filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Dkt. # 57.) That motion contended that each count of the complaint should fail as a matter of law. (*Id.*) Ms. Jones and Ms. Dingwall, under Local Rule 7(b), had eleven days in which to file their opposition. (*Id.*); *see* LCvR 7(b). Nothing was filed on or before May 2, 2005.[2]

---

[1] Plaintiffs also brought this action against the Office of the Attorney General of the District of Columbia, the District of Columbia, the National Institutes of Health Police Department, and Detectives Davidson and Noulett in the filing of their Amended Complaint. (*See* Am. Compl.; Dkt. # 48.)

[2] While Local Rule 7(b) requires that an opposition to a motion be filed within 11 days of receiving the motion, Rule 6(e) of the Federal Rules of Civil Procedure allows an additional three days to



Accordingly, on May 9, 2005, NIHFCU and Ms. LeBlanc requested that their Motion for Judgment on the Pleadings be granted as conceded pursuant to Local Rule 7(b) and certain legal precedent of our Circuit. (Dkt. # 58.) On May 12, 2005, after the time to respond to the Rule 12(c) motion had passed, the plaintiffs filed a motion to enlarge the time to file their opposition to NIHFCU's and LeBlanc's Rule 12(c) motion. (Dkt. # 59.) On August 17, 2005, the Court, by minute order, denied plaintiff's motion for an enlargement of time to file an opposition.[3] (*See* Minute Order dated Aug. 17, 2005.)

Local Rule of Civil Procedure 7(b) provides that an opposing party has 11 days to file a memorandum in opposition to the motion and if such party fails to do so, the Court may treat the motion as conceded. LCvR. 7(b), *supra* n. 2. This rule is a "docket-management tool that facilitates efficient and effective resolution of motions by requiring the prompt joining of issues." *Fox v. American Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004). In *Fox*, the D.C. Circuit affirmed the District Court's holding that "because the plaintiffs failed to respond to the defendant's...motion, the Court treats the motion as conceded and grants the motion." *Id.* (*quoting* Mem. Op., Granting Mot. to Dismiss Am. Compl., at 4). Whether to treat the motion as conceded under Local Rule of Civil Procedure 7(b) is highly discretionary; and our Circuit Court has noted that "where the district Court relies on the absence of a response as a basis for treating the motion as conceded, [the D.C. Circuit will]

---

be added to the time to oppose a motion that is served upon a party by means other than personal service. Fed. R. Civ. P. 6(a) and (e).

[3] Notwithstanding the Court's order, plaintiffs' counsel filed its opposition to the Motion for Judgment on the Pleadings on September 17, 2005. (Dkt. # 61.) This response will be stricken from the record.

honor its enforcement of the rule." *Twelve John Does v. District of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997).

Here, the plaintiffs not only failed to file their opposition on time, but also failed to file a motion for enlargement of time <u>prior</u> to the due date for their opposition. Indeed, when plaintiffs finally got around to seeking an extension of time some two weeks later, their request was neither accompanied by the opposition, or of such merit that warranted approval by the Court. In light of these circumstances, the Court will GRANT defendant's Motion for Judgment on the Pleadings as conceded.[4]

Having treated the defendants' motion for judgment on the pleadings as conceded pursuant to Local Rule 7(b) due to the lengthy delay by the plaintiffs in filing an opposition to defendants' motion, having reviewed the motion for judgment on the pleadings itself, and the relevant law cited therein, and having reviewed the record finds in favor of the defendants as to all counts cited in the amended complaint, the Court GRANTS the defendants' Motion to Dismiss for Judgment on the Pleadings. An order consistent with this Memorandum Opinion is separately and contemporaneously issued herewith.

*[signature]*
RICHARD J. LEON
United States District Judge

---

[4] The Court notes that the opposition eventually filed by the plaintiffs is so weak that it would have granted defendants' Motion for Judgment on the Pleadings on the merits if it did not grant it as conceded.